IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


MICHAEL GERALD LILLY,            §
                                 §
            Petitioner,          §
                                 §
v.                               §        CIVIL ACTION NO. H-05-1869
                                 §
DOUGLAS DRETKE,                  §
                                 §
            Respondent.          §


**MEMORANDUM OPINION AND ORDER**


Michael Gerald Lilly, a state inmate represented by counsel, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court adjudication. Pending before the court are Respondent Douglas Dretke's Motion for Summary Judgment (Docket Entry No. 10) and Amended Motion for Summary Judgment (Docket Entry No. 11), to which petitioner has responded (Docket Entry Nos. 17, 18, 19). Respondent filed a reply to petitioner's response (Docket Entry No. 20).

Having considered the motions, the responses and reply, the pleadings, the record, and the applicable law, the court will grant respondent's amended motion for summary judgment, will deny as moot respondent's motion for summary judgment, and will deny habeas corpus relief for the reasons addressed below.

## I.  <u>Procedural History and Claims</u>

Petitioner pleaded guilty to the felony offense of aggravated sexual assault of a child in cause number 789944 in the 230th District Court of Harris County, Texas.  He was placed on deferred adjudication community supervision on December 10, 1998, for a period of ten years, and assessed a $1,000.00 fine.  No appeal was taken at that time.  Petitioner subsequently pleaded "true" to a motion to adjudicate guilt on September 30, 1999, and was sentenced to forty years' confinement in the Texas Department of Criminal Justice-Correctional Institutions Division.  The adjudication of guilt was affirmed on appeal.  <u>Lilly v. State</u>, No. 11-00-00011-CR (Tex. App. -- Eastland 2001, pet. ref'd).  The Texas Court of Criminal Appeals refused discretionary review on October 10, 2001.  <u>Lilly v. State</u>, PDR No. 1259-01.  Petitioner's state court application for a writ of habeas corpus was filed on November 22, 2002, and denied by the Texas Court of Criminal Appeals without a written order on December 8, 2004.  <u>Ex parte Lilly</u>, No. 59,464-01.

Petitioner filed the pending federal habeas corpus petition on May 26, 2005, complaining that a condition of his community supervision violated due process, and that his punishment violated the Eighth and Fourteenth Amendments.

Respondent moves for summary judgment and argues that petitioner's claims are time-barred and fail as a matter of law.

-2-

## II.  Standards of Review

### A.  Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue.  The movant must meet this burden by presenting evidence in the record showing that the nonmovant cannot carry its burden of proof at trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).

Once the movant has met this burden, the non-movant must present specific facts showing that there is a genuine issue for trial.  Id.  All evidence must be construed in the light most favorable to the nonmoving party without weighing evidence, assessing probative value, or resolving factual disputes.  Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).  However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue.  Wallace v. Texas Tech University, 80 F.3d 1042, 1047 (5th

Cir. 1996).   Nor is the nonmovant's burden satisfied by casting "some metaphysical doubt as to material facts" or where only a scintilla of evidence has been brought forth.   <u>Fiesel v. Cherry</u>, 294 F.3d 664, 667 (5th Cir. 2002); <u>Spectators' Communication Network Inc. v. Colonial Country Club</u>, 253 F.3d 215, 219 (5th Cir. 2001).

**B.   AEDPA Standard of Review**

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law. <u>Bell v. Cone</u>, 122 S. Ct. 1843, 1849 (2002).   The "AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court habeas determinations by limiting the scope of collateral review and raising the standard for federal habeas relief."   <u>Robertson v. Cain</u>, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.   <u>Williams v.</u>

-4-

Taylor, 120 S. Ct. 1495, 1518 (2000); 28 U.S.C. §§ 2254(d)(1) and
(2).  A state court decision is contrary to federal precedent if it
applies a rule that contradicts the governing law set forth by the
Supreme Court or if it confronts a set of facts that are materially
indistinguishable from a Supreme Court decision and arrives at a
result different from the Court's precedent.  Early v. Packer, 123
S. Ct. 362, 365 (2002).  A state court may unreasonably apply
federal law if it identifies the correct governing legal rule from
the Supreme Court but unreasonably applies it to the particular
facts of the particular state prisoner's case, or either
unreasonably extends a legal principle from Supreme Court precedent
to a new context where it should not apply or unreasonably refuses
to extend that principle to a new context where it should apply.
Williams, 120 S. Ct. at 1520.

     The AEDPA affords deference to a state court's resolution of
factual issues.   Under 28 U.S.C. § 2254(d)(2), a decision
adjudicated on the merits in a state court and based on a factual
determination will not be overturned on factual grounds unless it
is objectively unreasonable in light of the evidence presented in
the state court proceeding.  Miller-El v. Cockrell, 123 S. Ct.
1029, 1043 (2003).  A federal habeas court must presume the
underlying factual determinations of the state court to be correct
unless the petitioner rebuts the presumption of correctness by
clear and convincing evidence.  28 U.S.C. § 2254(e)(1); see also

<u>Miller-El</u>, 123 S. Ct. at 1036.   This presumption is particularly strong when the state habeas court and trial court are one and the same.   See <u>Foster v. Johnson</u>, 293 F.3d 766, 776 (5th Cir. 2002). These standards will be applied to the pending motion for summary judgment.

### III.   <u>Respondent's Limitations Defense</u>

Petitioner pleaded guilty to aggravated sexual assault of his daughter, and was placed on deferred adjudication community supervision for ten years with an initial 180-day incarceration. As a condition of community supervision, the trial court entered a "no contact" order prohibiting petitioner from having any contact with his daughter, whether in writing, by telephone, or other means, except as authorized by the court.   Shortly thereafter while incarcerated, petitioner sent letters to his family, including unauthorized notes and communications to his daughter. Based on these latter communications the State filed a motion to revoke petitioner's community supervision and adjudicate his guilt. Petitioner pleaded "true" to the motion, and the court revoked his community supervision and sentenced him to forty years' incarceration.

Petitioner contends that the trial court violated his right to due process by forbidding him from contacting his daughter. Petitioner admits that Texas trial courts are authorized under art. 42.12 § 14(a), Texas Code of Criminal Procedure, to prohibit a

-6-

convicted sex offender from communicating with his victim. However, he contends that his constitutionally-protected rights as a parent supersede that provision of the law, such that the State cannot prohibit a father from contacting the child he sexually molested.

Section 2244(d)(1) of the AEDPA establishes a time limitation for the filing of post-conviction petitions by inmates seeking federal habeas relief. Under this provision,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> *   *   *   *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under subsection (d)(1)(A), the one-year time period commences the date on which the judgment becomes final.

Respondent correctly argues in the amended motion for summary judgment that petitioner's due process challenges to the constitutionality of the no contact condition of his community supervision are barred by the AEDPA one-year statute of limitations. The United States Court of Appeals for the Fifth Circuit recently held that an order placing a defendant on deferred

-7-

adjudication is a final judgment for purposes of § 2244 of the AEDPA. Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005). This holding applies to instances where, as here, "a petitioner challenges substantive issues relating to an original order of deferred adjudication probation." Id. at 530 n.24. Petitioner's challenges to the no contact provision are governed by Caldwell because the challenges relate to a condition of his probation imposed under the order of deferred adjudication.

Petitioner's deferred adjudication was granted, and the no contact order imposed, on December 10, 1998. Under Texas law petitioner had thirty days from that date to file a notice of appeal under state law. Tex. R. App. P. 26.2(a)(1); see also Caldwell, 429 F.3d at 530 n.22. However, petitioner did not appeal the deferred adjudication order. Accordingly, the judgment became final for purposes of section 2244(d)(1)(A) on or about January 10, 1999. Because petitioner sought no state habeas relief during the ensuing one-year time period, the limitations period for his due process challenges expired one year later on or about January 10, 2000. Petitioner did not file this federal habeas petition until 2005, well beyond expiration of the AEDPA limitations.

Accordingly, petitioner's due process challenges arising from the no contact condition of his community supervision, including his claims that the condition was unconstitutional and unenforceable, will be dismissed as time-barred.

-8-

### IV. <u>Petitioner's Challenge to Punishment</u>

Petitioner further asserts that the trial court "unreasonably sentenced Petitioner to 40 years in prison for writing to his daughter from jail." (Memorandum in Support of Application, Docket Entry No. 2, p. 7)  This court cannot determine from the record whether petitioner is genuinely confused as to the reason for his punishment ("for writing to his daughter"), or whether he is attempting to minimize the connection between his criminal sexual behavior and its penal consequences ("unreasonably sentenced petitioner to 40 years").  Since petitioner is represented by counsel, the court presumes that counsel is well aware that petitioner was convicted of and sentenced for the aggravated sexual abuse of his daughter, and not for sending her mail.  Accordingly, the court will construe petitioner's complaint as an Eighth Amendment challenge to the proportionality of his punishment to the underlying criminal offense, and, as construed, concludes that it lacks merit.

Wide discretion is accorded a state district judge's sentencing decision, and claims arising out of that decision are not generally constitutionally cognizable on habeas.  <u>Haynes v. Butler</u>, 825 F.2d 921, 923 (5th Cir. 1987).  A petitioner is entitled to relief from a sentence where he is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.  <u>Id.</u> at 923-24.  At the time he

-9-

entered his plea of guilty, petitioner was admonished that the
range of punishment for aggravated sexual assault was confinement
for life or a term between five and ninety-nine years. (Clerk's
Record, p. 36) The trial court again admonished petitioner of this
punishment range at his adjudication hearing. (Reporter's Record,
Vol. 2, p. 8) Petitioner makes no claim that forty years' confine-
ment exceeds the statutory maximum punishment applicable at the
time he committed the offense.

Nor is petitioner's sentence disproportionate to the severity
of his crime. As already noted, punishment assessed within
statutory limits generally is not excessive, cruel, or unusual. A
narrow exception to this rule is recognized where the sentence is
grossly disproportionate to the offense. See Harmelin v. Michigan,
111 S. Ct. 2680, 2706-07 (1991) (Kennedy, J., concurring); Solem v.
Helm, 103 S. Ct. 3001, 3010 (1983); McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir. 1992). As observed by the Supreme Court in
Lockyer v. Andrade, the Court has not established a clear or
consistent path for courts to follow in determining whether any
particular sentence can violate the Eighth Amendment, beyond a
"gross disproportionality" principle. 123 S. Ct. 1166, 1173
(2003).

Nevertheless, the Supreme Court has identified three criteria
for use in evaluating the proportionality of a particular sentence.
They are (1) the gravity of the offense and the harshness of the

-10-

punishment; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the same offense in other jurisdictions. <u>Solem</u>, 103 S. Ct. at 3010. In <u>McGruder</u>, the Fifth Circuit utilized a modified <u>Solem</u> test, requiring the court to initially make a threshold comparison of the gravity of the offense against the severity of the sentence. 954 F.2d at 316. Only upon a determination that the sentence is grossly disproportionate to the offense should the court consider the remaining two <u>Solem</u> factors. <u>Id.</u> This approach affords petitioner in the instant case no basis for habeas relief under 28 U.S.C. § 2254(d)(1), because "[T]he only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." <u>Lockyer</u>, 123 S. Ct. at 1173.

This court nonetheless has independently reviewed the record and does not find that petitioner's forty-year sentence constitutes a gross disproportionality between the gravity of his criminal offense and the harshness of the punishment. The record shows that petitioner sexually abused his daughter over a period of several years, starting when she was in third-grade and continuing until his arrest when she was thirteen years old. (Reporter's Record, Vol. 1, p. 31) Petitioner initially denied the allegations, and

only after being confronted with his daughter's videotaped statement did he admit to the on-going sexual abuse. (Id., Vol. 2, p. 56.) Petitioner eventually sought counseling, but only after he discovered that his daughter had contacted Child Protective Services. (Id.) Petitioner fails to show that his punishment constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

## V.   Petitioner's Challenge to Future Parole Delay

Petitioner asserts violation of his Eighth and Fourteenth Amendment rights because his right to parole will be delayed by the lack of immediate "sex offender treatment" in prison. Petitioner argues that the Texas Department of Criminal Justice-Correctional Institutions Division has a sex offender treatment program, but alleges that offenders do not qualify for participation in the program until eighteen months from the end of their total sentence. As a result, complains petitioner, inmates convicted of aggravated sexual assault do not make parole, or if they do, they do so only at the end of their sentences.  (Docket Entry No. 2, p. 2) Petitioner argues that this constitutes a denial of his protected liberty interest in parole.  Texas parole statutes do not confer a protected federal liberty interest enforceable by federal habeas. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  Petitioner also complains of an unconstitutional delay in being afforded sex offender treatment at TDCJ.  As shown by the five cases he cites

-12-

(Docket Entry No. 2, p. 8), this raises an issue of civil rights and affords him no ground for habeas relief.

Regardless, petitioner's parole delay complaint is speculative and premature at this point. During petitioner's 1998 sentencing hearing some evidence was presented that completion of TDCJ's mandatory treatment program for sex offenders is required for release of an offender from custody by sentence discharge or parole. (Reporter's Record, Vol. 1, p. 38) Some evidence also was presented that an inmate can complete the program voluntarily prior to the mandatory completion date. (Id. at p. 40.) Nothing shows that petitioner presently qualifies for, but has been denied, parole due to any present inability to complete the treatment program. Petitioner establishes no present violation of his rights under the Eighth and Fourteenth Amendments regarding any future qualification for parole, and habeas relief will be denied on this issue.

## VI. Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 120 S. Ct.

-13-

1595, 1604 (2000).  Stated differently, where claims have been dismissed on the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>Id.</u>  For reasons stated above, the court has determined that petitioner has not made the requisite showing under the applicable standard, and a certificate of appealability will be denied.

## VII.  <u>Conclusion</u>

The court **ORDERS** as follows:

1.  Respondent Douglas Dretke's Amended Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2.  Respondent Douglas Dretke's Motion for Summary Judgment (Docket Entry No. 10) is **DENIED AS MOOT.**

3.  The petition for a writ of habeas corpus is **DENIED**.

4.  This cause of action will be dismissed with **prejudice**.

5.  A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 10th day of April, 2006.


_____
                    SIM LAKE
UNITED STATES DISTRICT JUDGE